**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AURELIUS CAPITAL MASTER, LTD.;
ACP MASTER, LTD.; NOVORIVER S.A.;
683 CAPITAL PARTNERS, LP; ADONA LLC;
EGOZ I LLC; EGOZ II LLC; MASTERGEN,
LLC; ERYTHRINA, LLC; AP 2016 1, LLC;
AP 2014 3A, LLC; AP 2014 2, LLC; WASO
HOLDING CORPORATION; APE GROUP SPA;
ROMANO CONSULTING SPA; ICARO SRL;
and ELAZAR ROMANO,

                    Plaintiffs,

                - against -

THE REPUBLIC OF ARGENTINA,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.:  1:26-cv-00337 (LAP)

The Honorable Loretta A. Preska

**ORAL ARGUMENT**
**REQUESTED**

## DEFENDANT THE REPUBLIC OF ARGENTINA'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Robert J. Giuffra, Jr.
Sergio J. Galvis
Amanda F. Davidoff
Thomas C. White
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Counsel for the Republic of Argentina*

May 11, 2026

**TABLE OF CONTENTS**

*Page*

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT ........................................................................................................................2

I.   PLAINTIFFS' NEW COMPLAINT FAILS BECAUSE C.P.L.R. § 205(a) DOES NOT SAVE TIME-BARRED CLAIMS OF NON-PARTY BENEFICIAL OWNERS ........................................................................................2

II.  PLAINTIFFS DID NOT SATISFY THE NO-ACTION CLAUSE BY ASKING THE TRUSTEE TO BRING TIME-BARRED CLAIMS ............................7

III. PLAINTIFFS HAVE NOT ADEQUATELY ALLEGED COMPLIANCE WITH OTHER THRESHOLD REQUIREMENTS FOR BRINGING THEIR CLAIMS .................................................................................................9

CONCLUSION ...................................................................................................................11

## TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*ACE Sec. Corp.* v. *DB Structured Prods., Inc.*,
    38 N.Y.3d 643 (2022) ........................................................................................................3, 5

*Allstate Ins. Co.* v. *Longwell*,
    735 F. Supp. 1187 (S.D.N.Y. 1990).........................................................................................8

*Ape Grp. SPA* v. *Rep. of Argentina*,
    2022 WL 463309 (S.D.N.Y. Feb. 15, 2022)...................................................................6, 7, 10

*Aurelius Cap. Master, Ltd.* v. *Rep. of Argentina*,
    2025 WL 2774108 (S.D.N.Y. Sept. 29, 2025)........................................................................5, 8

*Aurelius Cap. Master, Ltd.* v. *Rep. of Argentina*,
    2024 WL 1367960 (S.D.N.Y. Mar. 31, 2024) ........................................................................3, 9

*Baker* v. *Latham Sparrowbush Assocs.*,
    808 F. Supp. 981 (S.D.N.Y. 1992) ...........................................................................................6

*Dorchester Fin. Sec., Inc.* v. *Banco BRJ, S.A.*,
    2014 WL 684831 (S.D.N.Y. Feb. 21, 2014)..............................................................................5

*Feldbaum* v. *McCrory Corp.*,
    1992 WL 119095 (Del. Ch. June 2, 1992)..............................................................................8, 9

*Genova* v. *Madani*,
    283 A.D.2d 860 (3d Dep't 2001) ..........................................................................................5, 6

*Harris* v. *U.S. Liab. Ins. Co.*,
    746 F.2d 152 (2d Cir. 1984)......................................................................................................5

*Quadrant Structured Prods. Co.* v. *Vertin*,
    23 N.Y.3d 549 (2014) ............................................................................................................8, 9

*R.A. Mackie & Co.* v. *PetroCorp Inc.*,
    329 F. Supp. 2d 477 (S.D.N.Y. 2004).....................................................................................10

*Reliance Ins. Co.* v. *PolyVision Corp.*,
    9 N.Y.3d 52 (2007) ...........................................................................................................3, 4, 5

*Rex Med. L.P.* v. *Angiotech Pharms. (US), Inc.*,
    754 F. Supp. 2d 616 (S.D.N.Y. 2010)......................................................................................8

*Shak* v. *JPMorgan Chase & Co.*,
   156 F. Supp. 3d 462 (S.D.N.Y. 2016)........................................................................................2

*U.S. Bank Nat'l Ass'n* v. *DLJ Mortg. Cap., Inc.*,
   33 N.Y.3d 72 (2019) ..................................................................................................................7

*Utica Sheet Metal Corp.* v. *Myers-Laine Corp.*,
   45 A.D.2d 116 (3d Dep't 1974) ................................................................................................6

**Statutes**

N.Y. C.P.L.R. § 205.......................................................................................................... *passim*

N.Y. C.P.L.R. § 213.....................................................................................................................2

## PRELIMINARY STATEMENT

Plaintiffs' Opposition makes clear that their new lawsuit should be dismissed.  They are not simply refiling the individual claims that they previously brought and pursuing "the same remedies they have always had."  (Opp. 1.)  Rather, they are now acting in a new capacity—seeking a $1.3 billion recovery channeled through the Trustee—and for the benefit of new claimants:  all beneficial owners of the Securities.  (Compl. Prayer for Relief ¶ (b); Opp. 12-13.)[1] As a result, Plaintiffs cannot invoke C.P.L.R. § 205(a), a savings provision that preserves only the claims of the original plaintiffs who timely commenced a prior action.

Plaintiffs cannot escape their failure to timely bring claims on behalf of other claimants.  The No-Action Clause allows beneficial owners to sue only for the "equal, ratable and common benefit of all Holders" after the Trustee has refused to do so.  (Compl. Ex. C § 11 at R-13.)  If Plaintiffs are suing on behalf of all beneficial owners, then they cannot recover time-barred claims belonging to non-parties.  Section 205(a) does not save their new claims.  Alternatively, if Plaintiffs are suing only for themselves, then they cannot pursue the same individualized recovery that this Court and the Second Circuit correctly held was barred by the No-Action Clause. Plaintiffs' predicament is of their own making; they chose not to comply with the No-Action Clause at the outset.

Nor can Plaintiffs cure their failure to comply with the No-Action Clause now. (Compl. ¶¶ 55-56; Opp. 18 n.11.)  Plaintiffs do not dispute that the No-Action Clause is designed to give the Trustee the opportunity to bring suit on behalf of all holders.  (Arg. Br. 14-15.)  They also do not dispute that the Trustee's claims were time-barred when Plaintiffs asked the Trustee to

---

[1]    Defined terms have the same meanings as in the Republic's moving brief (ECF No. 18). The Republic also incorporates by reference footnote 2 of its moving brief.  (*Id.* at 3.)

sue in 2024 and 2025.  (Arg. Br. 12-15.)  Plaintiffs did not satisfy the No-Action Clause because they did not give the Trustee the opportunity to assert these claims "in its own name."  (Compl. Ex. C § 11 at R-13.)

Plaintiffs also have no response to two additional threshold defects.  (Arg. Br. 15-18.)  Plaintiffs have not adequately pleaded that they possess the litigation rights necessary to bring their claims.  And the Prescription Clause independently bars the bulk of WASO's claims.

## ARGUMENT

I. **PLAINTIFFS' NEW COMPLAINT FAILS BECAUSE C.P.L.R. § 205(a) DOES NOT SAVE TIME-BARRED CLAIMS OF NON-PARTY BENEFICIAL OWNERS.**

In their Opposition, Plaintiffs fatally admit that the group of "Holders or beneficial owners" on whose behalf they now try to sue "did not timely pursue their remedies."  (Opp. 13.)[2] It is therefore undisputed that no one asserted any claim "for the equal, ratable and common benefit of all Holders of the Securities," as required by the No-Action Clause (Compl. Ex. C § 11 at R-13), within New York's six-year statute of limitations for breach of contract claims, C.P.L.R. § 213(2).  (Arg. Br. 7.)  Accordingly, those claims are time-barred.  And, as the Republic explained in its moving brief, Section 205(a) does not allow Plaintiffs to salvage these untimely claims.  That provision only authorizes claims by "the plaintiff" in the original action.  It does not revive expired claims that run to or through, or are for the benefit of, non-parties to the original action.  (Arg. Br. 10-12.)

Plaintiffs' principal response is that "the plaintiff" has not changed—even though Plaintiffs are now seeking "the entire Payment Amount" (a whopping $1.3 billion)—on behalf of

---

2    Plaintiffs do not dispute—and thus concede—that a claim's timeliness is assessed on a plaintiff-by-plaintiff basis.  (Arg. Br. 7 (citing *Shak* v. *JPMorgan Chase & Co.*, 156 F. Supp. 3d 462, 475 (S.D.N.Y. 2016) (Engelmayer, J.).)

an entire class of persons who were not parties to the Dismissed Actions, and asking that any recovery be funneled through the third-party Trustee who refused Plaintiffs' request to bring this lawsuit. (Opp. 12; Compl. ¶ 56.) This, according to Plaintiffs, is just an effort to assert "their own rights" (Opp. 12) and pursue "the same remedies they have always had" under the Global Security (Opp. 1). This argument fails under Section 205(a), the facts of this case, and settled law.

1. Section 205(a) does not permit Plaintiffs to recover money on behalf of, and allegedly due to, non-parties to the Dismissed Actions who let their rights lapse. Plaintiffs concede that they are asking the Court to order the Republic to "pay the entire Payment Amount to the Trustee"—a non-party to the Dismissed Actions (and here)—"for transmittal to all Holders." (Opp. 12.) But Section 205(a) is plaintiff-specific, designed to protect the plaintiff who timely asserted *his own* rights—not to "breathe life into otherwise stale claims" held by others. *Reliance Ins. Co.* v. *PolyVision Corp.*, 9 N.Y.3d 52, 58 (2007). Under Plaintiffs' theory, any holder who filed a timely lawsuit on his own behalf is deemed to have preserved the rights of all beneficial owners, including those who chose not to sue. Section 205(a) does not permit that; it is designed to protect the "diligent" not "dilatory" suitor. *ACE Sec. Corp.* v. *DB Structured Prods., Inc.*, 38 N.Y.3d 643, 655 (2022).

2. Plaintiffs cannot evade that they are suing on behalf of new plaintiffs by claiming that they are pursuing "the same" remedies they personally had in the Dismissed Actions. (Opp. 14.) In Plaintiffs' telling, from the time the Dismissed Actions were filed, they had the right to recover "the entire Payment Amount" but chose not to. (Opp. 12-13.) Not so. As Plaintiffs admit, when they filed the Dismissed Actions, they had not satisfied the No-Action Clause. (Opp. 1.) That meant they had no right to "initiate 'any suit, action or proceeding,'" *Aurelius Cap. Master, Ltd.* v. *Rep. of Argentina*, 2024 WL 1367960, at *10 (S.D.N.Y. Mar. 31, 2024) (Preska, J.)

("*Aurelius III*") (quoting Compl. Ex. C § 11 at R-13), or to obtain the remedy they now seek—*i.e.*, payment of the alleged "entire Payment Amount to the Trustee for transmittal to all Holders" (Opp. 12). All Plaintiffs demanded in the Dismissed Actions was a direct payment to themselves. (*See, e.g.*, Compl. Ex. M (Aurelius Capital Master Compl.), Prayer for Relief ¶ (a) (seeking "damages equal to $83,729,993"); Arg. Br. 7 n.4.) In now seeking the full Payment Amount, to which they have no entitlement on their own, Plaintiffs are expanding their claims beyond what they requested when filing the Dismissed Actions. Their new complaint now asserts the rights of beneficial owners not party to the Dismissed Actions in violation of Section 205(a)'s "same plaintiff" requirement. And Plaintiffs' alternative demand for "their" portion of the alleged Payment Amount (Compl. Prayer for Relief ¶ (b); Opp. 16) is barred by the Global Security itself, which only permits a beneficial owner to sue for the "equal, ratable and common benefit of all Holders." (Compl. Ex. C § 11 at R-13.)

3. Plaintiffs say that under the Republic's cited authorities (Arg. Br. 8, 10-12), only "the addition of new plaintiffs or an overt change in the entities serving as plaintiffs" constitutes a new plaintiff under Section 205(a). (Opp. 14.) That misreads the law. As the New York Court of Appeals has made clear, it is not just the names of the plaintiffs that matter but also *whose rights* those plaintiffs are seeking to enforce.

In *Reliance*, for example, the Court of Appeals held that Section 205(a) does not permit a corporation to refile an action originally commenced in the name of a "different, related corporate entity." 9 N.Y.3d at 58. Plaintiffs dismiss *Reliance* as "inapposite" on the facts. (Opp. 14.) But they ignore the principle the Court of Appeals applied in refusing to extend Section 205(a): "*the identity of the individual on whose behalf redress is sought [must] remain[] the same.*" *Reliance*, 9 N.Y.3d at 57 (emphasis added). Extending the statute to cover claims

-4-

"representing in part different interests" from those asserted in the original action impermissibly exceeds the statute's "intent and purpose." *Id.*

Similarly, in *ACE*, when two certificate holders failed to satisfy the no-action clause before filing a timely action for all holders, the trustee could not rely on Section 205(a) to "revive" those all-holder claims. 38 N.Y.3d at 649-50 & n.1. Plaintiffs try to distinguish *ACE* as involving "a different plaintiff with different contractual rights" (Opp. 14), but the relevant facts are the same. Section 205(a) did not apply in *ACE* because the trustee was "seeking to enforce its own, separate rights" as trustee, "rather than the rights of the [certificateholder] plaintiffs in the original action." 38 N.Y.3d at 654. Here too, Plaintiffs are seeking to enforce what they claim are their own separate rights to assert the claims of holders (and the Trustee) who were not parties to the Dismissed Actions—not merely their personal and direct interests. Section 205(a) therefore does not save Plaintiffs' new "all-holder" claims.[3]

4. Plaintiffs' cases do nothing to support their claim that "the plaintiff" has not changed from the Dismissed Actions. (Opp. 7-9.) All those cases show is that a plaintiff (or successor) satisfies Section 205(a) by reasserting his own claims, on his own behalf, and for his own benefit—even if those claims take on a different form. *See Harris* v. *U.S. Liability Ins. Co.*, 746 F.2d 152, 154-55 (2d Cir. 1984) (Section 205(a) applied to "a renewed suit for the $40,000 that [the original plaintiff] had been claiming since the filing of her original action"); *Dorchester Fin. Sec., Inc.* v. *Banco BRJ, S.A.*, 2014 WL 684831, at *3-5 (S.D.N.Y. Feb. 21, 2014) (Section 205(a) applied to second "substantially similar" case "brought by the same entity"); *Genova* v.

---

[3]    Plaintiffs also argue that their claims arise from the "same transaction or occurrence" at issue in the Dismissed Actions (Opp. 7-9), but this is a red herring:  the defect in their claims is that Plaintiffs are asserting the rights of new non-parties. And the relation-back doctrine (Opp. 9) is irrelevant; it does not apply across "separate action[s]." *Aurelius Cap. Master, Ltd.* v. *Rep. of Argentina*, 2025 WL 2774108, at *9 (S.D.N.Y. Sept. 29, 2025) (Preska, J.).

*Madani*, 283 A.D.2d 860, 860 (3d Dep't 2001) (Section 205(a) applied where bankruptcy trustee for original plaintiffs asserted their same claims).[4]

5. In any event, even if Plaintiffs' "all-holder" claims were not time-barred by the statute of limitations—they are (*supra* p. 2)—the Prescription Clause independently bars these claims. Plaintiffs argue that they satisfied the Prescription Clause by "assert[ing] the Holders' right to payment of the full Payment Amount." (Opp. 11.) Plaintiffs did no such thing. As the Republic explained (Arg. Br. 9), although Aurelius's 2017 letter and Plaintiffs' prior complaints mentioned the Payment Amount, Plaintiffs did not "assert a right to payment" on behalf of all holders. The 2017 letter "request[ed]" only that the Republic pay the amount allegedly "due to the *Aurelius-Managed Funds*." (*See* Compl. Ex. L. at 1 (emphasis added).) Likewise, Plaintiffs' prior complaints sought payment only for *each individual plaintiff*. (*See, e.g.*, Compl. Ex. N (ACP Master Compl.), ¶ 6 ("Argentina currently owes Plaintiff $159,077,777"); *see also* Arg. Br. 7 n.4.)

Plaintiffs fall back on the theory that they satisfied the Prescription Clause by giving notice of the full Payment Amount "owed," even if "each holder" did not "individually assert his or her own right to payment." (Opp. 15.) But in *Ape Group SPA* v. *Republic of Argentina*, this Court said the opposite: under the Prescription Clause, "*the security holder* must 'make' a 'claim' for amounts due within five years," which requires an "assertion of a right to payment." 2022 WL

---

[4]    Plaintiffs also cite *Baker* v. *Latham Sparrowbush Associates*, but Section 205(a) did not apply in that case because the prior action was terminated more than six months before the new action was brought. 808 F. Supp. 981, 991-92 (S.D.N.Y. 1992). And in *Utica Sheet Metal Corp.* v. *Myers-Laine Corp.*, the court did not rule that Section 205(a) applied and did not say anything about adding claims on behalf of others to the second action. 45 A.D.2d 116, 118-19 (3d Dep't 1974).

463309, at *2-3 (S.D.N.Y. Feb. 15, 2022) (emphasis added).  Because no one asserted a right to payment for other holders within the prescription period, the Prescription Clause bars such claims.[5]

Plaintiffs' theory that the Prescription Clause does not apply to all of their claims (Opp. 11 & n.6, 21) fails on the plain terms of the contract.  The Prescription Clause applies to "[a]ll claims against the Republic for any amounts due hereunder."  (Compl. Ex. C § 14 at R-14.)  While Plaintiffs assert different theories of breach, their claims all seek amounts due under the Securities.  (*See* Compl. Prayer for Relief ¶¶ (b)-(c).)

## II.    PLAINTIFFS DID NOT SATISFY THE NO-ACTION CLAUSE BY ASKING THE TRUSTEE TO BRING TIME-BARRED CLAIMS.

Plaintiffs do not dispute that (1) the No-Action Clause required them to give the Trustee an opportunity to "institute" this action, and (2) the Trustee could not actually do so by the time Plaintiffs made their requests.  (*See* Arg. Br. 13-15.)  That should end this case.  Because, as this Court and the Second Circuit have held, compliance with the No-Action Clause is a prerequisite to Plaintiffs' right to sue, failure to satisfy it means Plaintiffs have no litigation rights.[6]

1. Plaintiffs' failure to satisfy the No-Action Clause made a material difference. As the Court knows, the Trustee did assert timely claims for certain subsequent Reference Years.

---

[5]    Plaintiffs find it "incongruous" for the Prescription Clause to require each holder to "make" his own "claim" while the No-Action Clause only authorizes suit on behalf of all holders.  (Opp. 16.)  But the two provisions have different purposes.  The Prescription Clause requires notice of what claims will be pursued and "prescribes the Republic's obligation to pay where the security holder fails to assert a right to payment within the five-year period."  *Ape Grp.*, 2022 WL 463309, at *3.  The No-Action Clause funnels claims through the Trustee.  (Arg. Br. 14.)

[6]    Plaintiffs argue that "a procedural condition precedent to suit" like the No-Action Clause "can be cured after the limitations period has run."  (Opp. 17.)  But that was not true here.  No cure was possible because Section 205(a) does not toll the time for a non-party (like the Trustee) to act. *See U.S. Bank Nat'l Ass'n* v. *DLJ Mortg. Cap., Inc.*, 33 N.Y.3d 72, 78, 80 (2019) ("[A] suit may be refiled pursuant to CPLR 205(a) despite a *plaintiff's* failure to comply with a condition precedent prior to the expiration of the statute of limitations.") (emphasis added).

*See Aurelius Cap. Master*, 2025 WL 2774108, at \*9-11.  But when Plaintiffs approached the Trustee to assert claims for Reference Year 2013, it was already too late.  Plaintiffs' delay made it impossible to fulfill the purpose of the No-Action Clause.  (*See* Arg. Br. 14 (citing *Rex Med. L.P.* v. *Angiotech Pharms. (US), Inc.*, 754 F. Supp. 2d 616, 624 (S.D.N.Y. 2010) (McMahon, J.)).)

2.  Plaintiffs contend that they could satisfy the No-Action Clause with an untimely request to the Trustee because "the NAC does not condition the right to sue on whether the request to the Trustee was made within the statute of limitations, nor on *why* the Trustee failed to sue." (Opp. 18.)  But Plaintiffs' reading would defeat the purpose of the No-Action Clause, which is to give the Trustee the opportunity to evaluate, and, if appropriate, bring a centralized action for the benefit of all holders.  (Arg. Br. 14 (citing *Feldbaum* v. *McCrory Corp.*, 1992 WL 119095, at \*6 n.11 (Del. Ch. June 2, 1992)).)  Allowing beneficial owners to satisfy the No-Action Clause with an untimely demand would render the No-Action Clause a nullity.  New York courts will not "interpret a contract in a way that frustrates the purpose of that contract or that makes any provision of the contract meaningless."  *Rex Med.*, 754 F. Supp. 2d at 624.

3.  Plaintiffs cannot sweep aside authorities rejecting belated efforts to satisfy contractual preconditions (Arg. Br. 14-15) by claiming that they do not involve no-action clauses. (Opp. 18.)  The reasoning of this line of cases (ignored by Plaintiffs) confirms that a "tardy" attempt to satisfy a contractual precondition is no cure where "too much time elapsed, defeating the purpose of" the precondition.  *Allstate Ins. Co.* v. *Longwell*, 735 F. Supp. 1187, 1195 (S.D.N.Y. 1990) (Conboy, J.).  The same is true here, where Plaintiffs failed to approach the Trustee until after the claims of other holders and the Trustee had expired.

4. Plaintiffs miscite *Quadrant Structured Products Co.* v. *Vertin* for the proposition that "the purpose of the . . . no-action clause is not frustrated where the Trustee is without authority

to act." (Opp. 18 (citing 23 N.Y.3d 549, 567 (2014)).)[7]  But *Quadrant* is off-point.  It held that plaintiffs' claims *were not governed by the no-action clause*, and thus whether the trustee had "authority to act" was irrelevant.  23 N.Y.3d at 565-67.  Here, by contrast, this Court and the Second Circuit held that Plaintiffs' claims *are* subject to the No-Action Clause, *Aurelius III*, 2024 WL 1367960, at *12, *aff'd*, 2025 WL 1949968, at *4 (2d Cir. July 16, 2025), yet the Trustee was unable to act because Plaintiffs waited too long before making their request.

## III.   PLAINTIFFS HAVE NOT ADEQUATELY ALLEGED COMPLIANCE WITH OTHER THRESHOLD REQUIREMENTS FOR BRINGING THEIR CLAIMS.

1. Tellingly, Plaintiffs (other than Romano and Novoriver) do not dispute that they are attempting to sue on alleged breaches that occurred before they acquired the Securities.  They instead contend that they need not prove that they acquired the relevant litigation rights because of the final sentence of the No-Action Clause, which allows "any beneficial owner" the right to pursue a remedy of "any Holder" under the Securities.  (Opp. 19-20.)  But Plaintiffs ignore the plain language of this provision.  The "acknowledgment" sentence confers on beneficial owners only the right to "pursue a remedy" as if they were the registered Holder *for their "portion of" the beneficial interests*.  (Compl. Ex. C § 11 at R-13 (acknowledging right "with respect to the portion of this Global Security that represents such beneficial owner's interest in this Security"); Compl. Ex. B § 4.8 at 24-25 (same)).  This sentence expressly does not give all beneficial owners the right to bring any claim that may have belonged to any historic beneficial owner, which would entitle

---

[7]      Plaintiffs assert that no-action clauses are meant to deter "frivolous" and "unpopular" suits, which is not needed in this case. (Opp. 18.) But another "primary purpose" of no-action clauses is to "centralize enforcement powers" in the trustee (Arg. Br. 14 (citing *Feldbaum* v. *McCrory Corp.,* 1992 WL 119095, at *6 n.11)), which was clearly frustrated here.

multiple beneficial owners to pursue the exact same claims.[8]  Plaintiffs, accordingly, must plead and ultimately prove that they acquired the relevant litigation rights, which they make no attempt to do.  (Arg. Br. 15-17.)

2.  None of WASO's theories for evading the Prescription Clause as to the lion's share of its Securities has merit.

*First*, WASO says that it satisfied the Prescription Clause as to Securities it acquired after the prescription period expired because it had previously "notif[ied]" the Republic of the alleged total Payment Amount in its initial complaint.  (Opp. 21.)  But the Prescription Clause requires a holder to assert "an existing right."  *Ape Grp.*, 2022 WL 463309, at *3.  WASO does not dispute that when it filed its initial complaint in December 2019 it had no "existing right" to seek payment for the Securities that it acquired in 2020.

*Second*, because WASO has not satisfied the No-Action Clause or Section 205(a) (*supra* Sections I and II), it cannot "independently seek any remedies available to the Holder." (Opp. 21.)

*Third*, WASO claims that the Prescription Clause "works 'in tandem'" with Section 2(e) of the Global Security to allow holders to seek payment from the Republic after the five-year prescription period.  (Opp. 21.)  But Section 2(e) addresses what to do with "unclaimed" monies at the end of the prescription period (Compl. Ex. C § 2(e) at R-6); it does not authorize new claims outside that period.

---

[8]     *R.A. Mackie & Co.* v. *PetroCorp Inc.*, 329 F. Supp. 2d 477 (S.D.N.Y. 2004) (Koeltl, J.), is therefore irrelevant.  As Plaintiffs acknowledge, *Mackie* involved "an express provision in a warrant agreement [that] gave current holders the right to sue on a previously accrued claim." (Opp. 20.)

*Fourth*, WASO invokes "relation-back" for its later purchases (Opp. 21-22), but that doctrine does not apply.  WASO has no response to the points that time-barred claims do not transfer with the sale of a security or that relation-back cannot cure a failure to satisfy "a contractual condition precedent to asserting a claim," such as the Prescription Clause.  (Arg. Br. 18.)

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint with prejudice.

Respectfully submitted,

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.
Sergio J. Galvis
Amanda F. Davidoff
Thomas C. White

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588

*Counsel for the Republic of Argentina*

May 11, 2026

## CERTIFICATE OF COMPLIANCE

I hereby certify that this memorandum of law contains 3,468 words in compliance with Local Civil Rule 7.1(c) and Rule 2.B of the Individual Practices of the Honorable Judge Loretta A. Preska.

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.